# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Patricia L. Casuccio

v.

Flowers Baking Co.
of Lynchburg, Inc.

December 7, 2001

Case No. CL00-158

BY JUDGE WILLIAM H. LEDBETTER, JR.

In this distributorship dispute, the defendant has filed a plea of accord and satisfaction based on a release agreement between the parties.

## *Facts*

The facts recited herein are taken from the pleadings and the evidence presented by stipulation at arguments on the defendant's plea on December 3, 2001.

The parties (Casuccio is the plaintiff; Flowers is the defendant) entered into a distribution agreement in November of 1990 by which Casuccio sold bakery products for Flowers in the Spotsylvania County area. Later, a dispute arose regarding FICA withholdings. In essence, Casuccio claimed that Flowers overwithheld FICA taxes from her pay during 1996 and 1997.

In 1998, the parties terminated their distributorship arrangement. Casuccio sold her distributorship rights back to Flowers, and the parties signed a release agreement. The release provided, *inter alia*, that Casuccio "does hereby release and forever discharge [Flowers] ... from any and all claims, actions, rights, demands, or remedies, whether known or unknown, which he [sic] had, now has, or may or might in the future have, arising out of or relating to the Distributor's Agreement."

According to Casuccio's amended motion for judgment, Flowers has never reimbursed her for the FICA over-withholding or taken any action to assist her in obtaining a refund from the IRS.

The amended motion for judgment contains seven counts alleging different theories of recovery: breach of fiduciary duty, negligence, breach of contract, fraud, conversion, constructive trust, and mistake. In addition to the claim for the tax reimbursement in the sum of $2,245.15, Casuccio seeks punitive damages on the ground that Flowers' failure to reimburse the tax was deliberate and willful.

## Decision

In support of its plea of accord and satisfaction, Flowers contends that the release precludes Casuccio's claim as a matter of law. Casuccio disagrees. She argues that her claim does not arise out of the distributorship agreement but is based on Flowers' extra-contractual legal duty to obtain, or to assist Casuccio in obtaining, a refund for over-payment of the FICA tax.

There is no avoiding the simple fact that this controversy arises out of and is related to the parties' 1990 distributorship agreement.

Pursuant to the distributorship agreement, Casuccio sold bakery products for Flowers within her designated area for eight years. With respect to that distributorship, she was classified as a "statutory employee" for income tax purposes. In connection with that distributorship, FICA taxes were withheld. As a result of that withholding, the tax was overpaid. Although Flowers should have obtained a refund or assisted her in obtaining a refund of those overpayments, Flowers failed and refused to do so, according to Casuccio.

At the time these parties terminated the distributorship in 1998, they knew of the overpayment and they knew it had not been refunded.

Casuccio was represented by counsel at the time of the termination. Her attorney wrote to Flowers on July 2, 1998, and asked several questions. By letter dated July 14, 1998, Flowers responded. One of the issues addressed in the letter was the FICA tax overpayment. Flowers told Casuccio's attorney that Casuccio "should receive a form W-2 and form W-2C, which we file with the Internal Revenue Service and Social Security Administration, as required by law." Flowers said that those forms could be used by Casuccio "for any refund filing [she] may wish to make."

Two days later, July 16, 1998, Flowers devised a "to whom it may concern" letter for Casuccio, stating that the over-withheld FICA tax had not been refunded to or claimed by Flowers. (Obviously, this writing was for the purpose of assisting Casuccio in obtaining a refund. Casuccio now contends

that the effort was futile because Flowers has not done what the IRS requires for refund of overpaid FICA tax.)

On July 23, 1998, Casuccio's attorney sent the executed release agreement and related documents to Flowers.

A release, like any other contract, is interpreted based on its plain and unambiguous language. It covers those matters that may fairly be said to have been within the contemplation of the parties at the time of its execution. It does away with all right of recovery under the law, not simply one remedy or means or recovery. 16 M.J., *Release*, § 7.

It is distressing that Flowers apparently has not done everything that it could do to obtain the refund that may be due to Casuccio. However, in view of the release agreement finalized in July of 1998, Flowers has no duty to do so because Casuccio has released and discharged Flowers from any claim which she had, has, or may in the future have, arising out of or relating to the distributorship.

The over-withheld FICA tax, which arose out of or was related to Casuccio's distributorship arrangement with Flowers, was something certainly within the contemplation of the parties when they negotiated their 1998 release. They specifically discussed it before the release was signed. It is a "claim" specifically covered by the terms of the release.

The theories of recovery, or remedies, chosen by Casuccio in her amended motion for judgment are of no consequence. The fact that she released Flowers from any and all claims related to the distributorship agreement is dispositive.

This analysis does not apply to Count IV and Count VII of the amended motion for judgment.

In Count IV Casuccio focuses on the 1998 release, implicitly concedes its preclusive effect, and then claims that it is void because it was induced by fraud.

Similarly, in Count VII, Casuccio focuses on the 1998 release, implicitly concedes its preclusive effect, and then asserts that the release is void because of mutual mistake.

Obviously, these two claims are not barred by the terms of the release. They attack the validity of the release itself. Thus, Flowers plea of accord and satisfaction does not reach these claims.

## Conclusion

For the reasons stated above, Flowers' plea is sustained as to all counts except Count IV and Count VII and the plea is overruled as to those two counts. Counts I, II, III, V, and VI are dismissed.

The relief sought in Count IV and Count VII, i.e., vitiation or reformation of the release, is equitable relief. This case should be transferred to the equity side of the court pursuant to Virginia Code § 8.01-270.